Mark B. Perry (ISB #3345)
Maurice O. Ellsworth (ISB #1842)
Trevor L. Hart (ISB #5805)
**PERRY LAW, P.C.**
2627 West Idaho Street
Post Office Box 637
Boise, Idaho 83701-0637
Telephone:    (208) 338-1001
Facsimile:    (208) 338-8400
E-mail:       mbp@perrylawpc.com
PL File No. 4285.001

David A. Crichlow (New York Bar # 2324101)
Craig A. Barbarosh (California Bar # 160224)
Karen B. Dine (New York Bar # 2625366)
Andrew C. Smith (New York Bar # 4118675)
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY  10036-4039
Telephone:    (212) 858-1640
Facsimile:    (212) 858-1500
E-mail:       david.crichlow@pillsburylaw.com

Attorneys for Defendant TitleOne Corporation

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| RUSSELL FIRKINS, RENA FIRKINS, HIGHLAND SERVICES CO., INC. PROFIT SHARING PLAN, DOUGLAS R. CIRCLE as Trustee, DOUGLAS RICHARD CIRCLE and JAN ALISON CIRCLE 1984 FAMILY TRUST,<br><br>      Plaintiffs,<br><br>v.<br><br>TITLEONE CORPORATION,<br><br>      Defendant. | Case No. 1:10-cv-00110-BLW<br><br>**DEFENDANT TITLEONE CORPORATION'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT** |

Defendant TitleOne Corporation ("TitleOne"), by and through counsel of record, Perry Law, P.C., hereby moves this Court for an order dismissing Plaintiffs' February 26, 2010 complaint ("Complaint") or, alternatively, for summary judgment, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, and Local Civil Rule 7.1 of the United States District Court for the District of Idaho, and if any claims are not dismissed, for an Order denying class certification pursuant to Federal Rule of Civil Procedure 23.

Plaintiffs' Complaint asserts claims for breach of fiduciary duty, breach of contract, and negligence and gross negligence. For the reasons set forth in the accompanying Memorandum of Law, and the accompanying April 19, 2010 Affirmation of David A. Crichlow and exhibits attached thereto, each of Plaintiffs' three claims should be dismissed as a matter of law.

1. Plaintiffs' breach of fiduciary duty claim should be dismissed because TitleOne, as Indenture Trustee, owes no extra-contractual common law fiduciary duties to the Bondholders as a matter of law. To the extent Plaintiffs' breach of fiduciary duty claim can be read to assert a breach of post-default prudent person duties (which is not alleged), Plaintiffs' allegations fail as a matter of law to establish such a breach.

2. Plaintiffs' breach of contract claim should be dismissed because each of Plaintiffs' specific grounds for its claim fails as a matter of law. *First*, the Indenture does not require TitleOne to ensure that DBSI used the Bond proceeds properly (Comp. ¶77(a)), and therefore TitleOne cannot be liable for breaching a duty it did not owe. *Second*, Plaintiffs fail to state a claim that TitleOne breached any duty to ensure that DBSI properly document each transaction (Comp. ¶77(b)). The Indenture does not impose a duty on TitleOne to police all of DBSI's documentation, and Plaintiffs' specific complaints are not inconsistent with what was required to be in the Loan Files maintained by TitleOne. *Third*, the Indenture does not require

TitleOne to ensure that DBSI obtain security for the loans (Comp. ¶77(c)), and therefore TitleOne cannot be liable for breaching a duty it did not owe.  *Fourth*, the Indenture does not require TitleOne to "detect fraud" on the part of DBSI (Comp. ¶77(d)), and therefore TitleOne cannot be liable for breaching a duty it did not owe.  As a matter of law TitleOne, as Indenture Trustee, does not have this type of common law *fiduciary* duty.  *Fifth*, Plaintiffs fail to state a claim that TitleOne breached any duty to notify Bondholders of any known Events of Default (Comp. ¶77(e)).

      3.      Plaintiffs' claim for negligence and gross negligence should be dismissed as a matter of law because Plaintiffs' negligence claim is barred by the "economic loss rule," which bars negligence claims that seek purely economic damages.  Furthermore, TitleOne can only be liable for *gross* negligence under the Indenture, and Plaintiffs have failed to allege a breach of prudent person duties or any conduct that would constitute gross negligence in the event prudent person duties were triggered.

      4.      To the extent any of Plaintiffs' claims are not dismissed, the Court should deny class certification, because: (i) common questions of law and fact do not predominate, as Plaintiffs' claims depend on allegations of individualized reliance and proof of causation; (ii) the claims and defenses of the class representatives are not typical of the class as a whole, as the putative class contains two types of Bondholders, each with separate legal rights and remedies – Bondholders who purchased individually, and Bondholders who purchased through *fiduciaries*, such as some of the named Plaintiffs; and (iii) the amounts in question for each Bondholder, in addition to the individualized issues identified above that need to be resolved, suggest that class certification is not superior to other forms of adjudication.

For the foregoing reasons, and as more fully set forth in the accompanying Memorandum of Law, Defendant TitleOne Corporation respectfully requests this Court enter an order:

(a) dismissing all of Plaintiffs' claims as a matter of law;

(b) if any claims are not dismissed, denying class certification; and

(c) granting TitleOne any and all further relief as this Court deems just and proper.

Dated: April 19, 2010

        PERRY LAW, P.C.

By:    /S/
    Mark B. Perry
    Maurice O. Ellsworth
    Trevor L. Hart
2627 West Idaho Street
P.O. Box 637
Boise, Idaho 83701
Tel: 208.338.1001
Fax: 208.338.8400

David A. Crichlow (admitted *pro hac vice*)
Craig A. Barbarosh (admitted *pro hac vice*)
Karen B. Dine (admitted *pro hac vice*)
Andrew C. Smith (admitted *pro hac vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036
Tel: 212.858.1000
Fax: 212.858.1500

*Attorneys for Defendant TitleOne Corporation*