Mark B. Perry (ISB #3345)
Maurice O. Ellsworth (ISB #1842)
Trevor L. Hart (ISB #5805)
**PERRY LAW, P.C.**
2627 West Idaho Street
Post Office Box 637
Boise, Idaho 83701-0637
Telephone:    (208) 338-1001
Facsimile:    (208) 338-8400
E-mail:       mbp@perrylawpc.com
PL File No. 4285.001

David A. Crichlow (New York Bar # 2324101)
Craig A. Barbarosh (California Bar # 160224)
Karen B. Dine (New York Bar # 2625366)
Andrew C. Smith (New York Bar # 4118675)
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY  10036-4039
Telephone:    (212) 858-1640
Facsimile:    (212) 858-1500
E-mail:       david.crichlow@pillsburylaw.com

Attorneys for Defendant TitleOne Corporation

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| RUSSELL FIRKINS, RENA FIRKINS, HIGHLAND SERVICES CO., INC. PROFIT SHARING PLAN, DOUGLAS R. CIRCLE as Trustee, DOUGLAS RICHARD CIRCLE and JAN ALISON CIRCLE 1984 FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>TITLEONE CORPORATION,<br><br>Defendant. | Case No. 1:10-cv-00110-BLW<br><br>**AFFIRMATION OF DAVID A. CRICHLOW** |

David A. Crichlow, an attorney duly admitted to practice law before the courts of the State of New York, affirms that the following is true under penalties of perjury:

1. I am a member of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), counsel for Defendant TitleOne Corporation ("TitleOne"). I make this Affirmation in support of TitleOne's April 19, 2010 motion to dismiss the complaint or, alternatively, for summary judgment. I am fully familiar with the matters underlying this action and make this affirmation on personal knowledge.

2. A true and correct copy of Plaintiffs' February 26, 2010 Class Action Complaint and Demand for Jury Trial ("Complaint") is attached hereto as **Exhibit A**.

3. TitleOne is the Indenture Trustee for an indenture dated effective December 24, 2002 (the "Indenture") with DBSI Real Estate Funding Corporation ("DBSI Funding" or the "Company"). A true and correct copy of the Indenture is attached hereto as **Exhibit B**.

4. Pursuant to the Indenture, DBSI Funding issued bonds pursuant to a Confidential Offering Circular, dated February 10, 2003 ("Offering Circular"), that DBSI Funding prepared. A true and correct copy of the Offering Circular is attached hereto as **Exhibit C**.

5. DBSI Inc. (f/k/a DBSI Housing Inc.), along with approximately 150 subsidiaries (many of them single-purpose entities, including DBSI Funding), filed a bankruptcy petition under chapter 11 of the Bankruptcy code on November 10, 2008 in the Bankruptcy Court for the District of Delaware. Prior to filing bankruptcy, DBSI and its debtor subsidiaries comprised a network of real estate projects and businesses that engaged in the locating, acquiring, developing, and managing real estate investment. In the 29 years of the Debtors' existence, they have raised approximately $2.65 billion in capital. A true and correct copy of the Declaration of Douglas L. Swenson in Support of Chapter 11 Petitions and First Day Motions setting forth these facts is attached here to as **Exhibit D**. The bankruptcy petition reported approximately $100 million to

$500 million in assets and liabilities for DBSI Inc. (the lead debtor) alone. A true and correct copy of DBSI, Inc's Chapter 11 petition is attached hereto as **Exhibit E**.

6. On November 24, 2008, TitleOne provided the Bondholders with a Notice of Default pursuant to section 11.2 of the Indenture, based on DBSI's bankruptcy. In relevant part, the notice communicated that TitleOne was evaluating the financial condition of DBSI and would update the Bondholders as the situation developed. A true and correct copy of the November 24, 2008 letter to Bondholders, without enclosures, is attached hereto as **Exhibit F**.

7. On May 29, 2009, TitleOne provided written notification to the Bondholders that it would file a proof of claim on their behalf. A true and correct copy of the May 29, 2009 letter to Bondholders, without enclosures, is attached hereto as **Exhibit G**.

8. On June 2, 2009, proofs of claim were filed by TitleOne on behalf of the Bondholders with regard to the Company and DBSI, Inc., as guarantor of the bonds. These actions were taken pursuant to section 10.3 of the Indenture to protect the interests of the Bondholders upon the Indenture Trustee's notice of an Event of Default. True and correct copies of the proofs of claim, without exhibits, are attached hereto as **Exhibit H,** and **Exhibit I,** respectively.

9. The Bankruptcy Court approved an Examiner in the DBSI bankruptcy proceedings to investigate the corporate and financial relationships existing between the debtor entities. The Examiner's findings, conclusions and recommendations are contained in two reports: the First Interim Report of the Examiner, dated August 3, 2009 (the "Interim Report"), and the Final Report of the Examiner, dated October 19, 2009 (the "Final Report") (together with the Interim Report, the "Examiner's Reports"). True and correct copies of the Examiner's Reports are attached hereto as **Exhibit J** and **Exhibit K**, respectively.

10.     Among other actions taken in the DBSI bankruptcy by TitleOne to protect the interests of the Bondholders, TitleOne filed a motion for relief from the automatic stay imposed by DBSI's bankruptcy on November 24, 2009 ("Motion for Relief from Stay"). The Motion for Relief from Stay sought authority from the bankruptcy court for TitleOne to exercise its various remedies under the Indenture, including the assumption of servicing obligations for the various loans related to the Bonds. A true and correct copy of TitleOne's Motion for Relief from Stay is attached hereto as **Exhibit L**.

11.     TitleOne also served document requests pursuant to its Motion for Relief from Stay on November 30, 2009 ("Discovery Requests"). In relevant part, the Discovery Requests sought information pertaining to DBSI's efforts to service the loans underpinning the Bonds and any efforts by DBSI to obtain alternative servicing prior to DBSI's bankruptcy filing. The Discovery Requests also sought wide-scale information related to the loans, the financial status of the various properties at stake, and information related to intercompany transfers of loan proceeds affecting the Bonds. A true and correct copy of the Discovery Requests is attached hereto as **Exhibit M**.

12.     Additionally, on March 4, 2010, TitleOne filed a Reservation of Rights in the DBSI Bankruptcy in response to the Bankruptcy Trustee's Motion for an Order Substantively Consolidating the Debtors' Chapter 11 Estates ("Reservation of Rights"). A true and correct copy of the Reservation of Rights is attached hereto as **Exhibit N**.

Dated: New York, New York
       April 19, 2010

*/s/ David A. Crichlow*
David A. Crichlow