# **Exhibit H**

# Proof of Claim

# GIVENS–PURSLEY LLP

LAW OFFICES
601 W. Bannock Street
PO Box 2720, Boise, Idaho 83701
TELEPHONE: 208 388-1200
FACSIMILE: 208 388-1300
WEBSITE: www.givenspursley.com

Gary G. Allen
Peter G. Barton
Christopher J. Beeson
Clint R. Bolinder
Erik J. Bolinder
Jeremy C. Chou
William C. Cole
Michael C. Creamer
Amber N. Dina
Elizabeth M. Donick
Kristin Bjorkman Dunn
Thomas E. Dvorak
Jeffrey C. Fereday
Justin C. Fredin
Martin C. Hendrickson

Steven J. Hippler
Donald E. Knickrehm
Debora K. Kristensen
Anne C. Kunkel
Jeremy G. Ladle
Michael P. Lawrence
Franklin G. Lee
David R. Lombardi
John M. Marshall
Kenneth R. McClure
Kelly Greene McConnell
Cynthia A. Melillo
Christopher H. Meyer
L. Edward Miller
Patrick J. Miller

Judson B. Montgomery
Deborah E. Nelson
Kelsey J. Nunez
W. Hugh O'Riordan, LL.M.
Angela M. Reed
Justin A. Steiner
Scott A. Tschirgi, LL.M.
J. Will Varin
Conley E. Ward
Robert B. White

RETIRED
Kenneth L. Pursley
James A. McClure
Raymond D. Givens (1917-2008)

Amber N. Dina
Direct Dial: (208) 388-1244
E-Mail: amberdina@givenspursley.com

June 2, 2009

**Via Federal Express Overnight**

DBSI, Inc., Claims Processing Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

Re: DBSI Real Estate Funding Corporation
District of Delaware, Bankruptcy Case No. 08-12777 (PJW)
GP File No. 6014-25

To: DBSI Real Estate Funding Corporation, Claims Processing Center,

Enclosed is the Proof of Claim for TitleOne Corporation, in the amount of $46,199,688.36, in the above-referenced bankruptcy. Also attached for an acknowledgement of receipt, is a copy of the Proof of Claim, along with a self-addressed stamped envelope for the same to be returned.

Thank you for your assistance in this matter.

Sincerely,

*Amber N. Dina*

Amber N. Dina

AND:lr
Enclosure
cc: Bo Davies, TitleOne Corporation
583732_1

```
                0.*

                0.*

       43,165,000.+
          319,302.6+
          329,946.02+
           95,790.78+
          223,511.82+
          329,946.02+
          329,946.02+
          298,015.76+
          329,946.02+
          319,302.6+
          329,946.02+
           21,286.84+
           28,840.+
           18,946.67+
            5,767.15+
           54,194.04+
       46,199,688.36*+
```

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    District of Delaware | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>DBSI Real Estate Funding Corporation | Case Number:<br>08-12777 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
TitleOne Corporation, as Indenture Trustee

Name and address where notices should be sent:
TitleOne Corporation, Attn: Bo Davies
1101 W. River Street, Suite 201
Boise, ID 83702

Telephone number:
(208) 287-5307

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:    $    46,199,688.36

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim:    See attached Addendum
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
- Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☑ Other
   Describe:

   Value of Property: $ unknown    Annual Interest Rate  9.000 %

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $ 43,944,646.55    Basis for perfection:  See Addendum

   Amount of Secured Claim: $ 46,199,688.36    Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 6-2-09    Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature]    Bo Davies, VP / General Counsel for TitleOne

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## Addendum to Proof of Claim
## of TitleOne Corporation as Indenture Trustee
(DBSI Real Estate Funding Corporation)

1. Title One Corporation ("TitleOne") is the duly appointed Indenture Trustee for the 9.0% Senior Bonds (the "Bonds") issued pursuant to an Indenture dated December 24, 2002 between DBSI Real Estate Funding Corporation ("DBSI REFC") and TitleOne. A true and accurate copy of the Indenture is attached hereto as Exhibit A.

2. Pursuant to a Corporate Guaranty dated February 10, 2003, DBSI Housing, Inc. (now DBSI, Inc. by virtue of a name change) guaranteed payment of the Bonds, including principal and interest.

3. TitleOne has filed a separate Proof of Claim against DBSI, Inc. based on the Corporate Guaranty.

4. On November 10, 2008, DBSI REFC declared Bankruptcy.

5. Pursuant to the Indenture, at the time of filing this Proof of Claim, DBSI REFC was and still is indebted to make payment to TitleOne for the following amounts:

| Claim | Amount |
|---|---|
| Principal | $43,165,000.00 |
| Interest – September 2008 | $319,302.60 |
| Interest – October 2008 | $329,946.02 |
| Interest – November 1, 2009 through November 9, 2008 | $95,790.78 |
| Interest – November 10, 2009 through November 30, 2008 | $223,511.82 |
| Interest – December 2008 | $329,946.02 |
| Interest – January 2009 | $329,946.02 |
| Interest – February 2009 | $298,015.76 |
| Interest – March 2009 | $329,946.02 |
| Interest – April 2009 | $319,302.60 |
| Interest – May 2009 | $329,946.02 |
| Interest – June 1 through June 2, 2009 | $21,286.84 |
| Indenture Trustee's Fees – January 1, 2008 through November 9, 2008 | $28,840.00 |
| Indenture Trustee's Fees – November 10, 2008 through June 2, 2009 | $18,946.67 |
| Costs (including Attorneys' Fees) through November 9, 2008 | $5,767.15 |
| Costs (including Attorneys' Fees) November 10, 2008 through May 31, 2009 | $54,194.04 |
| **TOTAL** | **$46,199,688.36** |

6. Interest continues to accrue at the rate of $10,643.42 per diem, and the Indenture Trustee's fees continue to accrue at the rate of $2,800.00 per month (with $2613.33 to accrue for June 3, 2009 through June 30, 2009).

7. Pursuant to the Indenture, TitleOne's claim against DBSI REFC is secured by certain term loan agreements, promissory notes and security agreements. Because these documents are voluminous they are not attached; however, these documents are available upon request.

8. Pursuant to the Indenture, DBSI REFC was required to provide certain financial reporting to TitleOne.

9. TitleOne did not receive certain financial reporting from DBSI REFC, and therefore, expressly reserves the right to amend or supplement this Proof of Claim after full disclosure of all relevant facts in the bankruptcy proceedings.

10. TitleOne reserves all rights accruing to it as Indenture Trustee, and the filing of this Proof of Claim is not intended to be and shall not be construed as: (1) an election of remedy, or (2) a waiver of any past, present or future event of default, or (3) a waiver or limitation of any rights of either the Indenture Trustee or the holders of the Bonds.

11. Under Section 10.3 of the Indenture, TitleOne may include in its Proof of Claim a claim for the compensation, expenses, disbursement and advances of the Indenture Trustee and its counsel. TitleOne has incurred and will continue to incur additional amounts due to it under the terms of the Indenture for its compensation and expenses as Indenture Trustee, including attorneys' fees and expenses. TitleOne reserves the right to amend or supplement this Proof of Claim, if it deems it necessary and appropriate, given the then existing posture of this proceeding, for any reason including an updated statement of the amount then due for its fees and expenses.

12. TitleOne files this claim against DBSI REFC, on behalf of all of the holders of Bonds issued under the Indenture.

13. TitleOne reserves the right to right to amend or supplement this Proof of Claim when amount of unsecured claim, if any, becomes known.

**Addendum to Proof of Claim – TitleOne Corporation - 3**