# **Exhibit N**

Reservation of Rights

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 08-12687 (PJW) |
| **DBSI, Inc., <u>et al</u>.,** | Jointly Administered |
| Debtors.[1] | **Ref. Docket Nos. 5094-99, 5124, 5163** |

### RESERVATION OF RIGHTS OF TITLEONE CORPORATION, AS INDENTURE TRUSTEE FOR THE 9.0% SENIOR BONDS ISSUED BY DBSI REAL ESTATE FUNDING CORPORATION, WITH RESPECT TO THE CHAPTER 11 TRUSTEE'S MOTION FOR AN ORDER SUBSTANTIVELY CONSOLIDATING THE DEBTORS' CHAPTER 11 ESTATES

TitleOne Corporation ("**TitleOne**"), as Indenture Trustee for the 9.0% Senior Bonds (the "**Bonds**") Issued by DBSI Real Estate Funding Corporation ("**DBSI**" and together with its co-debtors, the "**Debtors**"), by and through its undersigned counsel, hereby reserves its rights to object to the Motion (the "**Motion**") by the Chapter 11 Trustee (the "**Chapter 11 Trustee**") for an Order Substantively Consolidating the Debtors' Chapter 11 Estates (ECF No. 5094) pending further discovery as to be scheduled by the Court. In support of this Reservation of Rights, TitleOne respectfully represents as follows:

## FACTUAL BACKGROUND AND RESERVATION OF RIGHTS

1. TitleOne and DBSI are parties to an Indenture dated as of December 24, 2002 (the "**Indenture**"), with TitleOne as Indenture Trustee and DBSI as Issuer of the Bonds and Servicer of Loans to support the Bonds.

---

[1] The Debtors in this case include DBSI, Inc., DBSI Real Estate Funding Corporation, and approximately 160 subsidiaries wholly owned or substantially controlled by DBSI, Inc.

601099451v2



0812687100305000000000001

2. On November 24, 2009, TitleOne filed its Motion for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code (ECF No. 4929) (the "**Lift Stay Motion**"). In the Lift Stay Motion, TitleOne contended that DBSI, as issuer and servicer under its Indenture Agreement with TitleOne, had failed to comply with its contractual obligations. TitleOne further asserted that, based on the contractual remedies available to it under the Indenture, TitleOne should be entitled to take over servicing obligations for various loans that provided value for the Bonds. Because maintaining value for the holders of the Bonds depends in large measure on effective servicing, TitleOne contended in the Lift Stay Motion that cause existed to lift the automatic stay.

3. In conjunction with the Lift Stay Motion, on November 30, 2009, TitleOne served the Debtors and the Chapter 11 Trustee with a series of requests for production of documents related to DBSI's breaches of the Indenture (ECF No. 4940) (the "**Document Requests**"). These requests sought delivery of documents related to the nature and status of the Loans and Collateral, DBSI's performance of its obligations under the Indenture, and the status of DBSI's servicing obligations or related servicing agreements with third parties.

4. In compliance with applicable local rules, TitleOne's counsel conferred with counsel for the Chapter 11 Trustee regarding the Document Requests and the Lift Stay Motion. Based on these discussions, TitleOne agreed to adjourn the hearing and decision on the Lift Stay Motion pending further developments in the bankruptcy proceedings. During this time, however, the Chapter 11 Trustee has not produced any documents in response to the Document Requests.

5. Because of these developments, TitleOne is unable at this time to determine conclusively whether and how the relief requested in the Chapter 11 Trustee's motion

601099451v2

will affect TitleOne's interests and the interests of the bondholders TitleOne represents.

TitleOne therefore reserves any and all rights afforded to it by its status as a creditor in these cases to respond to the Motion at a later date, to participate in discovery regarding substantive consolidation, and to be heard in any attendant proceedings.

Dated: Wilmington, Delaware
March 4, 2010

Respectfully submitted,

/s/ Norman M. Monhait
Norman M. Monhait, Esquire (DE 1040)
ROSENTHAL, MONHAIT & GODDESS, PA
Citizens Bank Center, Suite 1401
919 Market Street, PO Box 1070
Wilmington, DE  19899
Telephone:  (302) 656-4433
Facsimile:  (302) 658-7567
E-mail:  nmonhait@rmgglaw.com

and

PILLSBURY WINTHROP SHAW PITTMAN LLP
Craig A. Barbarosh (CB-6977)
David A. Crichlow (DC-2116)
Karen B. Dine (KD-0546)
1540 Broadway
New York, New York 10036-4039
(212) 858-1000 (Phone)
(212) 858-1500 (Fax)

*Counsel to TitleOne Corporation, as Trustee under Indenture dated December 24, 2002 for the 9.0% Senior Bonds Due September 30, 2009*

3

# CERTIFICATE OF SERVICE

I, Norman M. Monhait, hereby certify that on this 4th day of March, 2010, a copy of the foregoing *Reservation of Rights of TitleOne Corporation, as Indenture Trustee for the 9.0% Senior Bonds Issued by DBSI Real Estate Funding Corporation, with Respect to the Chapter 11 Trustee's Motion for an Order Substantively Consolidating the Debtors' Chapter 11 Estates* to be served by the CM/ECF System for the United States Bankruptcy Court for the District of Delaware to all parties registered in this case **and** by prepaid first class mail to the following:

James L. Patton, Esquire
Joseph M. Barry, Esquire
Kenneth J. Enos, Esquire
Kevin P. Garland, Esquire
Michael R. Nestor, Esquire
Nathan D. Grow, Esquire
Robert F. Poppiti, Jr., Esquire
Sharon M. Zieg, Esquire
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19801
*(Counsel to Debtors)*

William R. Firth, III, Esquire
Gibbons P.C.
1000 N. West Street
Suite 1200
Wilmington, De 19801
*(Local Counsel to Trustee)*

Office of the United States Trustee
844 King Street, Room 2207
Lockbox 35
Wilmington, DE 19899-0035
*(United States Trustee)*

Dennis A. Meloro, Esquire
Donald J. Detweiler, Esquire
Monica Loftin Townsend, Esquire
Sandra G.M. Selzer, Esquire
Greenberg Traurig, LLP
1007 North Orange Street
Suite 1200
Wilmington, DE 19801
*(Counsel to Official Committee of Unsecured Creditors)*

_____
Norman M. Monhait (Bar No. 1040)