Philip H. Gordon ISBN 1996
Bruce S. Bistline ISBN 1988
**GORDON LAW OFFICES**
623 West Hays Street
Boise, ID 83702
Tel: 208-345-7100
Fax: (208) 345-0050
pgordon@gordonlawoffices.com

Geoffrey Bestor
**LEVETOWN & JENKINS LLP**
700 12th Street, NW
Washington, DC 20005
Tel: 202-379-4899
Fax: 866-626-3131
gbestor@levjen.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL FIRKINS, RENA FIRKINS, HIGHLAND SERVICES CO., INC. PROFIT SHARING PLAN, DOUGLAS R. CIRCLE AS TRUSTEE, DOUGLAS RICHARD CIRCLE AND JAN ALISON CIRCLE 1984 FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>TITLEONE CORPORATION,<br><br>Defendant. | Case No. 1:10-cv-00110-BLW<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND FOR EXPENSES, INCLUDING ATTORNEYS' FEES |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE SUMMARY JUDGMENT MOTION AND FOR EXPENSES**

Plaintiffs Russell Firkins, Rena Firkins, Highland Services Co., Inc. Profit Sharing Plan,

Douglas R. Circle as trustee, Douglas Richard Circle and Jan Alison Circle 1984 Family Trust

("Plaintiffs"), by and through counsel, respectfully submit this memorandum of law in support of their motion to strike Defendant TitleOne's motion for summary judgment purportedly filed under the auspices of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1 of this Court. As demonstrated below, because Defendant's motion for summary judgment identifies not a single fact that Defendant contends is both material and undisputed, as required by Federal Rule of Civil Procedure 56(c)(2), and because Defendant has not filed a separate statement of undisputed material as required by Local Civil Rule 7.1(b)(1), Defendant's motion violates both the Federal and Local Civil Rules that govern summary judgment motion practice in this Court. Additionally, as emphasized below, Local Civil Rule 7.1(c)(2) will require Plaintiffs to file a statement of material facts that Plaintiffs deem in dispute – a task which it is almost impossible for Plaintiffs to perform given the deficiencies in Defendant's motion.

## DISCUSSION

Plaintiffs filed their Complaint in this case on February 26, 2010. On April 19, 2010, Defendant filed motions seeking (1) dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6); (2) in the alternative, summary judgment; and (3) denial of Plaintiffs' as yet unmade motion for class certification. Plaintiffs' opposition to these motions is due on May 10, 2010. The instant motion seeks to strike only Defendant's deficient motion for summary judgment.

Local Civil Rule 7.1(b)(1) provides as follows:

> In motions for summary judgment under Federal Rule of Civil Procedure 56, the moving party will also file a separate statement of all material facts, not to exceed ten (10) pages, upon which the moving party contends are not in dispute.

Moreover, Local Civil Rule 7.1(e) explicitly authorizes the Court to deem a failure to file documents required by Local Civil Rule 7.1(b)(1) to be "a waiver by the moving party of the pleading or motion," and to "impose sanctions in the form of reasonable expenses incurred, including attorney fees, upon an adverse party and/or counsel for failure to comply with this rule."

2

**(e) Effects of Failure to Comply with the Rules of Motion Practice.** Failure by the moving party to file any documents required to be filed under this rule in a timely manner may be deemed a waiver by the moving party of the pleading or motion . . . . In addition, the Court, upon motion or its own initiative, may impose sanctions in the form of reasonable expenses incurred, including attorney fees, upon the adverse party and/or counsel for failure to comply with this rule.

In violation of Local Civil Rule 7.1(b)(1), Defendant has failed to file a statement of undisputed material facts with its summary judgment motion. Accordingly, under Local Civil Rule 7.1(e), Plaintiffs respectfully seek that Defendant's motion be deemed waived, and that the Court award Plaintiffs their reasonable expenses incurred in filing the instant motion, including attorneys fees.

Defendant's failure to file the required statement of undisputed material facts, and its failure to identify a single undisputed fact in its memorandum, go to the heart of Rule 56's requirements, which are reflected in Local Civil rule 7.1.

> [T]he moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).

*Parrott v. Blades*, 2007 WL 2782267 (D. Idaho 2007). See also *Carr v. Tousley*, 2009 WL 1514661 (D. Idaho 2009) ("The local rules of the District of Idaho require the filing of a 'statement of disputed facts.' Where Plaintiff's statement of disputed facts is just a general denial of all facts stated by the Defendants and Plaintiff has not filed his own statement of facts, the situation makes it extremely difficult to identify the universe of actual, material, factual disputes, if any, and the legal efficacy thereof. The time required to decipher the filings in cases such as this creates undue burdens on limited judicial resources that delay the courts' efforts to render decisions in this case and others."); *Cf. Farrakhan v. Gregoire*, 590 F.3d 989, 1002 (9th Cir. 2010) (party failing to respond to other party's statement of undisputed facts is deemed to have admitted those facts); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774-775 (9th Cir. 2002) (when party relying on deposition

testimony in summary judgment motion without citing to page and line numbers, court may in its discretion exclude the evidence).

Defendant's disregard of the Local Civil Rules is not a trivial matter for Plaintiffs. Plaintiffs' response to the motion for summary judgment is governed by, in addition to Local Civil Rule 7.1, Federal Rule of Civil Procedure 56(e)(2):

> **Opposing Party's Obligation to Respond.**
> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Additionally, Local Civil Rule 7.1(c)(2) would require Plaintiffs to respond to a motion for summary judgment with a statement of disputed material facts, supported by admissible evidence in Plaintiffs' possession. At this stage in the litigation, Defendant has not yet even answered the Complaint. Because Defendant has not identified a single material fact that Defendant claims is not in dispute, Plaintiffs have no way of knowing what facts are truly in dispute. Indeed, Plaintiffs are hard-pressed to think of how they are to fulfill there obligation to file a statement of disputed facts in this situation – for all Plaintiffs know, no facts are in dispute.

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Defendant's motion for summary judgment and award Plaintiffs costs and legal fees in making this motion.

DATED: May 5, 2010                            Respectfully submitted,

By:      /s/
Philip H. Gordon ISBN 1996
Bruce S. Bistline ISBN 1988
**Gordon Law Offices**
623 West Hays Street
Boise, ID 83702
Tel: 208-345-7100
Fax: (208) 345-0050
pgordon@gordonlawoffices.com

Geoffrey Bestor
LEVETOWN & JENKINS LLP
700 12th Street, NW
Washington, DC 20005
Tel: 202-379-4899
Fax: 866-626-3131
gbestor@levjen.com

Attorneys for Plaintiffs

## Certificate of Service

      I hereby certify that on the 5th day of May, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which is designed to send a Notice of Electronic Filing to persons including the following:

Mark B Perry rnbp@perrylawpc.com

Maurice 0 Ellsworth moe@perrylawpc.com

Trevor L Hart tlh@perrylawpc.com, info@perrylawpc.com, rnbp@perrylawpc.com, moe@perrylawpc.com, tay@perrylawpc.com

                                               /s/
                                          Philip Gordon