Mark B. Perry (ISB #3345)
Maurice O. Ellsworth (ISB # 1842)
Trevor L. Hart (ISB #5805)
**PERRY LAW, P.C.**
2627 West Idaho Street
Post Office Box 637
Boise, Idaho 83701-0637
Telephone:     (208) 338-1001
Facsimile:     (208) 338-8400
E-mail:        mbp@perrylawpc.com
PL File No. 4285.001

David A. Crichlow (New York Bar # 2324101)
Craig A. Barbarosh (California Bar # 160224)
Karen B. Dine (New York Bar # 2625366)
Andrew C. Smith (New York Bar # 4118675)
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY  10036-4039
Telephone:     (212) 858-1640
Facsimile:     (212) 858-1500
E-mail:        david.crichlow@pillsburylaw.com

Attorneys for Defendant TitleOne Corporation

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| RUSSELL FIRKINS, RENA FIRKINS, HIGHLAND SERVICES CO., INC. PROFIT SHARING PLAN, DOUGLAS R. CIRCLE as Trustee, DOUGLAS RICHARD CIRCLE and JAN ALISON CIRCLE 1984 FAMILY TRUST,<br><br>                    Plaintiffs,<br><br>v.<br><br>TITLEONE CORPORATION,<br><br>                    Defendant. | Case No. 1:10-cv-00110-BLW |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT TITLEONE CORPORATION'S MOTION TO DISMISS OR,
<u>ALTERNATIVELY, FOR SUMMARY JUDGMENT (DOCKET # 16)</u>**

**Table of Contents**

Page

I. PLAINTIFFS' ARGUMENTS DO NOT DEFEAT TITLEONE'S
   MOTION TO DISMISS ................................................................................................ 1

   A. Plaintiffs Do Not State a Claim for Breach of Contract ................................ 1

   B. Plaintiffs Mischaracterize or Fail to Understand the Limited
      Role and Duties of an Indenture Trustee As a Matter of Law ...................... 5

   C. The "Special Relationship" Exception to the Economic Loss
      Rule Does Not Apply ...................................................................................... 6

   D. Plaintiffs Do Not Properly Address the Class Action Concerns
      Raised By TitleOne ......................................................................................... 7

      1. The Class Certification Issue Is Not Premature ................................... 7

      2. Plaintiffs' Claims Seek Recovery for DBSI's Alleged Fraud ............... 8

      3. Plaintiffs' Putative Claims Depend on Allegations of Negligence ...... 9

      4. Distinctions Between Class Members ................................................. 9

      5. Amounts of Claims ............................................................................... 9

   E. Plaintiffs Ignore Well-Settled Law That Allows Motions to
      Dismiss to be Converted into Motions for Summary Judgment .................. 10

II. CONCLUSION ........................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

Page

*Allstate Ins. Co. v. Miller*,
  743 F. Supp. 723 (N.D. Cal. 1990) ....................................................................................... 8

*Arisman v. Woodford*,
  344 Fed. App'x 367 (9th Cir. 2009) ..................................................................................... 2

*Blahd v. Richard B. Smith, Inc.*,
  108 P.3d 996 (Idaho 2005) .................................................................................................. 7

*Hofstee v. Dow*,
  36 P.3d 1073 (Wash. Ct. App. 2003) ................................................................................... 6

*Just's, Inc. v. Arrington Constr. Co.*,
  583 P.2d 997 (Idaho 1978) .................................................................................................. 6

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ............................................................................................. 2

*Picus v. Wal-Mart Stores, Inc.*,
  256 F.R.D. 51 (D. Nev. 2009) .............................................................................................. 8

*Shawmut Bank, N.A. v. Kress Assocs.*,
  33 F.3d 1477 (9th Cir. 1994) ........................................................................................... 5, 6

*Spencer v. DHI Mortg. Co.*,
  642 F. Supp. 2d 1153 (E.D. Cal. 2009) ................................................................................ 6

*Stock v. C.I.R.*,
  4:00-cv-00467, 2001 WL 914426 (D. Idaho Mar. 5, 2001) ............................................... 10

*Truckstop.net, LLC v. Sprint Commc'ns Co.*,
  537 F. Supp. 2d 1126 (D. Idaho 2005) ........................................................................ 6, 7, 9

*Vinole v. Countrywide Home Loans, Inc.*,
  246 F.R.D. 637 (S.D. Cal. 2007) ......................................................................................... 8

*Walls v. Wells Fargo Bank, N.A. (In re Walls)*,
    262 B.R. 519 (Bankr. E.D. Cal. 2001) .................................................................................. 8

*Winne v. Equitable Life Assur. Soc'y*,
    315 F. Supp. 2d 404 (S.D.N.Y. 2003) .................................................................................. 8

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ........................................................................................... 10

Defendant TitleOne Corporation ("TitleOne") respectfully submits this reply memorandum of law in further support of its motion to dismiss the complaint or, alternatively, for summary judgment.[1]

Plaintiffs' deficient response is telling with regard to the sufficiency of their claims; it leaves numerous arguments made by TitleOne unchallenged, and mischaracterizes the law or controlling documents with regard to arguments it does address. For the reasons that follow, the Court should grant TitleOne's motion.

## I. PLAINTIFFS' ARGUMENTS DO NOT DEFEAT TITLEONE'S MOTION TO DISMISS

### A. Plaintiffs Do Not State a Claim for Breach of Contract

Plaintiffs summarily assert that they have alleged "multiple contractual breaches," and argue that TitleOne: (i) does not address all of these breaches (without identifying which ones); and (ii) for the ones it does address, TitleOne merely denies the breaches "as a factual matter." P. Br. 1-2. TitleOne's grounds for dismissal are based on the failure of Plaintiffs' allegations to state a claim under the express terms of the Indenture; they are not, as Plaintiffs argue, merely disputed as a "factual matter."

Plaintiffs set forth five purported grounds for their breach of contract claim. Comp. ¶77(a)-(e). Plaintiffs' response fails to address TitleOne's detailed arguments addressing each of these purported grounds for breach of contract, either by ignoring them or in many cases simply repeating the Complaint's inaccurate characterizations of TitleOne's duties under the Indenture.

*First,* Plaintiffs have not, and cannot, refute that TitleOne had no duty to ensure the Bond proceeds were properly used by DBSI. *See* TitleOne Br. 14, Point III.A. (citing Ind. § 11.4,

---

[1] All abbreviations used in TitleOne's April 19, 2010 memorandum of law (Docket # 17) (referenced herein as "TitleOne Br.") are continued herein. Plaintiffs' May 18, 2010 memorandum of law (Docket # 31) is referenced herein as "P. Br."

providing the "Trustee *shall not be accountable* for the Company's issue of the Bonds *or application of the proceeds thereof . . . .*").[2]  As a result, the ground set forth in paragraph 77(a) of the Complaint must be dismissed as a matter of law.[3]

*Second*, Plaintiffs have failed to establish that they state a claim based on a breach of an alleged contractual duty "to ensure that DBSI documented each transaction as required by the Indenture." Comp. ¶77(b).   While Plaintiffs describe numerous instances of purported failures of documentation on the part of DBSI, they conveniently neglect to mention that DBSI was not even required to provide such documentation to TitleOne.  Indeed, with respect to the numerous failures of such documentation that form the basis of their Complaint, Plaintiffs either concede TitleOne's point by silence or continue to improperly complain about the lack of: (i) documented security interests; (ii) security interests in *real* property, instead of personal property; (iii) mortgage documentation; (iv) complete "loan applications"; and (v) appraisals.  *See* TitleOne Br. 15-17, Point III.B (demonstrating that none of these are required by the Indenture to be included in every Loan File provided to TitleOne).  In fact, Plaintiffs have not, and cannot, refute that

---

[2]  Nowhere in Plaintiffs' brief do they deny that TitleOne is not bound by the Offering Circular. TitleOne Br. 14 n.4.  Instead, they argue that the permitted use of the bond proceeds is "obvious" from the Indenture's documentation requirements, and the Offering Circular made it "explicit."  P. Br. 4.  Such an argument is mere sophistry.

[3]  To get around TitleOne's clear contractual defense that it had no duty to ensure how DBSI used the bond proceeds, Plaintiffs now argue for the first time that since TitleOne was permitted to disburse, it, in fact, was the one that improperly disbursed the funds.  *See*, *e.g*, P. Br. at 1 (arguing that TitleOne "repeatedly disbursed bond proceeds pursuant to documentation that was fraudulent on its face").  As Plaintiffs concede, however, the Indenture permitted the Trustee *and* DBSI to make withdrawals from the bond proceeds account.  P. Br. 4.  The fact that TitleOne was *authorized* to do so does not mean it did.  Nevertheless, the facts supporting this argument *are not alleged in the complaint*.  TitleOne is not obligated to defend against hypothetical arguments made by counsel in an opposition brief when the factual basis for such an argument is not contained in the complaint.  *See*, *e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("[C]ourts, when  ruling on a motion to dismiss, ***must*** disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint."); *Arisman v. Woodford*, 344 Fed. App'x 367, 368 (9th Cir. 2009) (disregarding claims asserted outside the complaint).

TitleOne had no duty to police all of *DBSI's* documentation with regard to each loan transaction, as no such broad duty exists under the Indenture. TitleOne Br. 15.

While Plaintiffs assert that "[d]ocumentation for many transactions did not contain documents included in the definition of 'Loan File,' which the indenture required to be included" (P. Br. 7, citing Comp. ¶¶ 51, 57), the referenced paragraphs in the Complaint do not support this statement.[4] Indeed, Plaintiffs misleadingly list "the executed original mortgage and/or security agreement" as documentation required to be provided to TitleOne. P. Br. 5. As made clear in TitleOne's opening brief, there is no requirement that each loan have either a mortgage or a security agreement. TitleOne Br. 16. Further, Plaintiffs continue to improperly assert that the Bondholders "had not just a promise from the issuer, *but actual security in the underlying property*." P. Br. 2. That assertion is not accurate. Loans were not required to be secured, and even if secured, secured by personal property, not the underlying real property. *See* Ind. §§ 1.19 (requiring security agreement "if applicable"); 1.30 (defining "security agreement" as pertaining to a "security interest in personal property" to secure each loan); Off. Cir. 17 ("Not all loans will be secured . . . SOME OR ALL OF A LOAN MAY BE UNSECURED"). As a result, the ground set forth in paragraph 77(b) of the Complaint must be dismissed as a matter of law.

*Third*, Plaintiffs do not, and cannot, dispute that the Indenture and Offering Circular make clear that DBSI was not required to obtain security for each loan. *See* TitleOne Br. 14, Point III.C. As a result, the ground set forth in paragraph 77(c) of the Complaint, alleging TitleOne breached its alleged duty to ensure DBSI did so, must be dismissed as a matter of law.

---

[4] *See* Comp. ¶¶ 51 (noting absence of "property description," which is not required to be in the Loan File); 57 (noting absence of security interests, identification of senior loans, appraisals, and descriptions of property, none of which is required to be included in the Loan File, and complaining about security interest in "personal" property, which is all that is called for by the Indenture).

3

*Fourth*, Plaintiffs do not, and cannot, dispute that TitleOne had no contractual duty to "detect fraud" on the part of DBSI. *See* TitleOne Br. 14, Point III.D. As a result, the ground set forth in paragraph 77(d) of the Complaint must be dismissed as a matter of law.

*Fifth*, Plaintiffs have not stated a claim that TitleOne breached its duty to provide notices of *known* defaults of which it had "actual knowledge," as required under the Indenture. Ind. § 11.1.5. Rather, Plaintiffs would effectively have this Court impose a "should have known" standard, which would violate the Indenture's express prohibition against imposing any "implied covenants or obligations" on TitleOne. *Id*. § 11.1.1(i). Plaintiffs' argument that TitleOne had "actual knowledge" of defaults is based on the premises that DBSI did not provide certain documentation to TitleOne that Plaintiffs claim were required to be provided (which documentation, as discussed above, was *not* required to be provided to TitleOne), and that the documentation that DBSI did provide was fraudulent. P. Br. 9-10. As discussed above, TitleOne had no duty to detect fraud; to the contrary, TitleOne was provided with specific representations and warranties from DBSI under the Indenture – the same representations and warranties Plaintiffs detail and complain that *DBSI* breached (P. Br. 6-7) – that protect TitleOne from having liability for unknown fraud committed by the issuer, who is not under TitleOne's control. Fatal to Plaintiffs' argument is the Indenture's express language itself, which provides that TitleOne may rely on documents provided by DBSI and "**need not investigate any facts stated therein.**" TitleOne Br. 18 (quoting Ind. § 11.3.1).[5]

*Finally*, with respect to the only known Event of Default alleged in the Complaint, Plaintiffs do not dispute that TitleOne provided the Bondholders notice. P. Br. 10 n.3. Thus, the

---

[5] Ironically, Plaintiffs' repeated assertion that the documents demonstrated fraud "on its face" is based on Plaintiffs' analysis of the information contained in the documents, and a comparison of information contained in various documents submitted at different times – precisely the type of "investigation" that TitleOne was not required to perform.

4

ground set forth in paragraph 77(e) of the Complaint must be dismissed as a matter of law. [6]

### B. Plaintiffs Mischaracterize or Fail to Understand the Limited Role and Duties of an Indenture Trustee As a Matter of Law

With respect to whether indenture trustees have common law fiduciary duties, Plaintiffs' statement that "the most case law permits Defendant to argue is that sometimes they do and sometimes they do not, depending on the facts" is sophomoric. P. Br. 3. The law is clear in the Ninth Circuit. They do not owe any common law fiduciary duties; instead, their duties are limited to those expressly set forth in the indenture. Simply put, "[t]he duty which is imposed under an indenture of trust *is not a traditional fiduciary duty*," and TitleOne as Indenture Trustee "is not subject to the ordinary trustee's duty of undivided loyalty." *Shawmut Bank, N.A. v. Kress Assocs.*, 33 F.3d 1477, 1491 (9th Cir. 1994). Indeed, the Indenture makes clear that, prior to an event of default, "the duties of the Trustee shall be determined *solely* by the *express* provisions of this Indenture and the Trustee will perform only those duties *and no others*; the Trustee undertakes to perform such duties and only such duties as are *specifically set forth or provided for* in this Indenture, and **no implied covenants or obligations shall be read into this Indenture against the Trustee**." Ind. §11.1.1(i). The Ninth Circuit has expressly held that "[w]hen a limiting clause such as such as [§11.1.1(i)] is included in an indenture of trust, the trustee's obligations are confined to the scope of the contract, and ***do not extend to common law fiduciary duties***." *Shawmut Bank*, 33 F.3d at 1502. Incredibly, Plaintiffs ignore this controlling precedent, and instead argue that "it is not necessary for the Court to rule on Defendant's argument that indenture trustees, at least pre-default, have no fiduciary duties … in the absence

---

[6] Plaintiffs' assertion that TitleOne provided no citation to the Indenture with respect to when it was required to provide notice of DBSI's failure to pay its Trustee fees (P. Br. 10 n.3) is false. *See* TitleOne Br. 20 (citing Ind. § 9.1.4, which provides a breach by DBSI becomes an Event of Default, thus requiring notice to the Bondholders, when it continues and is not cured within ten days after notice to DBSI).

5

of any controlling Idaho precedent." P. Br. 13. *Shawmut Bank* is controlling precedent. Thus, Plaintiffs' reliance on the law of other jurisdictions, and its determination that it is "not necessary" to rule on TitleOne's motion to dismiss Plaintiffs' common law fraud claims, should be dismissed outright.

### C. The "Special Relationship" Exception to the Economic Loss Rule Does Not Apply

Plaintiffs do not dispute the application of the economic loss rule to their negligence claim. Instead, they argue that the "special relationship" exception applies. It does not.[7]

As Plaintiffs concede, the "special relationship" exception only applies where a party performs "personal services" for a "lay person," or where a party "holds itself out as having expertise in a specialized function" and, in doing so, "induce[s the plaintiff] to rely on that expertise." *Truckstop.net, LLC v. Sprint Commc'ns Co.*, 537 F. Supp. 2d 1126, 1139 (D. Idaho 2005) (cited at P. Br. 14). Ignoring TitleOne's citations to the Indenture and allegations in the Complaint (*see* TitleOne Br. 21-22), Plaintiffs argue that TitleOne relies on "implied, unsupported factual assertions" (P. Br. 14) to demonstrate the exception does not apply. That is false. Plaintiffs do not, and cannot, dispute that they certified they were accredited investors capable of making sophisticated investment decisions and conducting their own due diligence,

---

[7] The Plaintiffs' suggestion that no court has applied the economic loss rule on a motion to dismiss is misleading. P. Br. 14-15. Courts throughout this Circuit have applied other states' analogous doctrines in this very procedural situation. *See*, *e.g.*, *Spencer v. DHI Mortg. Co.*, 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009) ("Since plaintiffs' alleged damages are economic, the economic loss doctrine further warrants dismissal of the negligence claim."); *Hofstee v. Dow*, 36 P.3d 1073, 1078 (Wash. Ct. App. 2003) (finding that the economic loss doctrine prevented recovery under any set of provable facts). Moreover, the Supreme Court of Idaho unanimously affirmed a lower court's decision dismissing a negligence action on the basis of the Economic Loss Rule without the need for an extensive factual record. *See Just's, Inc. v. Arrington Constr. Co.*, 583 P.2d 997, 1003-04 (Idaho 1978). As explained in TitleOne's opening brief and as discussed further herein, Plaintiffs' own allegations, taken as true, together with the unambiguous provisions of the Indenture, make clear that the special relationship exception is inapplicable as a matter of law.

6

not "lay persons." *See* Off. Cir. at 29. Further, Plaintiffs do not, and cannot, dispute that TitleOne did not hold itself out as having expertise in a specialized function, as TitleOne had no role in the marketing of the Bonds (*see* Ind. § 11.4), TitleOne had no responsibility for the use of the Bond proceeds (*id.*), and the Bondholders accepted that TitleOne contracted with them to perform only those ministerial duties set forth in the Indenture. *Id.* at § 11.1.1(i). The mere fact that TitleOne was identified as the Indenture Trustee in the Offering Circular cannot create a "special relationship" as Plaintiffs argue. P. Br. 14. Such a broad application of the exception would swallow the rule, which this Court has held applies only "to an extremely limited group." *Truckstop.net*, 537 F. Supp. 2d at 1139.

Furthermore, Plaintiffs' misleading citation of dicta in the *Blahd* case does not support finding a special relationship. P. Br. 14-15. What Plaintiffs neglected to inform the Court is that the *Blahd* court not only stopped short of finding that the real estate developer was a quasi-professional, it found there was ***no special relationship at all***. *See Blahd v. Richard B. Smith, Inc.*, 108 P.3d 996, 1001 (Idaho 2005). Because the "special relationship" exception does not apply, the economic loss rule requires dismissal of the negligence claim as a matter of law.

    **D.**    <u>**Plaintiffs Do Not Properly Address the Class Action Concerns Raised By TitleOne**</u>

While Plaintiffs note dismissal of class action allegations on the pleadings is rare, Plaintiffs concede they are not wholly improper. P. Br. 15. Despite Plaintiffs' characterization of TitleOne's arguments as "borderline frivolous" (P. Br. 3), TitleOne has raised serious concerns about this action proceeding, if it proceeds at all, as a class action. Plaintiffs' dismissive responses to these concerns ignore the specific issues raised by TitleOne.

    *1.*    <u>*The Class Certification Issue Is Not Premature*</u>

Each of the points raised by TitleOne arises from the plain language of the Complaint, the

Indenture, and the Offering Circular. As explained in the opening brief, the Court need look no further than these documents to find this proposed class improper, without the need for further discovery. *See generally* TitleOne Br. 23-27. While Plaintiffs argue that class certification ordinarily is not disposed of on a motion to dismiss, they concede that there are instances where such disposition is appropriate. P. Br. 15. This is such a case, where the putative class is undercut by the Plaintiffs' own Complaint and uncontested documents, rendering extensive discovery unnecessary and wasteful.[8]

### 2. *Plaintiffs' Claims Seek Recovery for DBSI's Alleged Fraud*

Regardless of how the Plaintiffs have titled each of their allegations, this Court is permitted to peer beyond the captions and discern the facts that form the gravamen of the action. Indeed, in other contexts courts routinely apply fraud procedures where fraud allegations form the heart of a complaint.[9] As explained in the opening brief, the Plaintiffs repeatedly invoke fraud without actually naming it, thereby hoping to avoid the procedural limitations of a fraud claim. TitleOne Br. 24 n.10.

---

[8] *See, e.g.*, *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 51 (D. Nev. 2009) ("[W]hen a party moves to deny class certification prior to any discovery, the court construes it under the legal standards for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss."); *Vinole v. Countrywide Home Loans, Inc.*, 246 F.R.D. 637, 639 (S.D. Cal. 2007) ("A defense –driven determination of class certification is appropriate when awaiting further discovery will only cause needless delay and expense."); *Walls v. Wells Fargo Bank, N.A. (In re Walls)*, 262 B.R. 519, 523 (Bankr. E.D. Cal. 2001) ("If, as a matter of law, a class cannot be satisfied . . . it would be a waste of the parties' resources and judicial resources to conduct discovery on class certification.").

[9] *See, e.g.*, *Winne v. Equitable Life Assur. Soc'y*, 315 F. Supp. 2d 404 (S.D.N.Y. 2003) (dismissing ostensible breach of contract claim where it was "really a fraud claim" barred by applicable statute); *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000) (applying the pleading requirements for fraud in Rule 9(b) to all causes of action where the "gravamen of the claim is fraud" even where the claim "is not technically termed fraud"); *Allstate Ins. Co. v. Miller*, 743 F. Supp. 723 (N.D. Cal. 1990) (stating that claims characterized as negligent misrepresentation and emotional distress were actually claims for fraud subject to a statutory limitation on damages).

### 3. *Plaintiffs' Putative Claims Depend on Allegations of Negligence*

To defend against the legion of case law finding individual reliance unamenable to class action claims, the Plaintiffs merely state that they have not alleged reliance.[10] *See* P. Br. 17. To the contrary, the Complaint repeatedly alleges that the Plaintiffs are supposed to have relied on TitleOne's expertise or statements of fact. *See* TitleOne Br. 24 n.10 (reciting the provisions of the Complaint that allege reliance). Moreover, in their Response the Plaintiffs invoke reliance with regard to the economic loss doctrine. *See* P. Br. 14 (citing *Truckstop.net, LLC v. Sprint Commc'ns Co.*, 537 F. Supp. 2d 1126, 1139 (D. Idaho) (stating that special relationship exists where an entity "knowingly induce[s a plaintiff] to **rely** on that expertise.")). Plaintiffs' repeated invocation of reliance in the Complaint and the application of the special relationship test, while denying the procedural limitations of a reliance-based action, is disingenuous.

### 4. *Distinctions Between Class Members*

Plaintiffs seem mystified by TitleOne's suggestion that the members of the putative class may have purchased through intermediaries and may therefore have inconsistent third-party claims. *See* P. Br. 17-18. To substantiate this argument, the Plaintiffs need look no further than the caption of the case, as well as the allegations contained therein. *See* Comp. ¶¶ 9, 10; TitleOne Br. 26-27. Additionally, this dichotomy is supported by the terms of the Offering Circular, which expressly contemplates sales to fiduciaries. *See* Off. Cir. at 29 ("Bonds will be sold only to purchasers, or *fiduciaries* representing purchasers, who represent in writing that they are Accredited Investors.").

### 5. *Amounts of Claims*

Despite Plaintiffs' assertion to the contrary (P. Br. 18), TitleOne's assertions regarding

---

[10] The Plaintiffs' citation to an Advisory Committee Note cites to the wrong Rule. Plaintiffs relied on Rule 23(a), not Rule 23(b). *See* Comp. ¶¶ 62-69.

9

the amounts of claims at issue are derived directly from the language of the Offering Circular. *See* TitleOne Br. 27; Off. Cir. 1 (bonds issued in denominations of $1,000, with a minimum purchase of $50,000, subject to the Company's discretion). Plaintiffs have not responded to TitleOne's cited case law finding claims of this amount render class actions unfavorable. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190-91 (9th Cir. 2001).

Taken together, denial of class certification is warranted at this time.

### E. Plaintiffs Ignore Well-Settled Law That Allows Motions to Dismiss to be Converted into Motions for Summary Judgment

While TitleOne will respond to Plaintiffs' motion to strike separately, it simply notes that it should be no "mystery" to Plaintiffs why TitleOne included summary judgment as an alternative requested relief (P. Br. 3), as the reason is spelled out in TitleOne's opening brief – if the Court decides to consider information outside of the Complaint and documents referenced therein, it may convert TitleOne's motion to dismiss into a motion for summary judgment. TitleOne Br. at 9-10. As will be explained further in the response to Plaintiffs' motion to strike, courts that have converted motions to dismiss into motions for summary judgment have not required submission of a statement of undisputed facts. *See*, *e.g.*, *Stock v. C.I.R.*, 4:00-cv-00467, 2001 WL 914426, at *2 (D. Idaho Mar. 5, 2001) (Winmill, J.) (converting motion to dismiss to summary judgment *sua sponte* without requiring statement of uncontested facts).[11] Thus, whether or not TitleOne had included "summary judgment" in its caption or request for relief, the Court has the power to convert it to such a motion.

## II. CONCLUSION

For the foregoing reasons, and those set forth in TitleOne's opening brief, TitleOne respectfully requests this Court enter an order granting the relief set forth in its motion.

---

[11] The fact that no statement of uncontested facts was required or filed in *Stock* was confirmed by reference to the docket, publicly available on the PACER system.

10

Dated: Boise, Idaho
       June 1, 2010

                PERRY LAW, P.C.

                By: _____/S/_____
                    Mark B. Perry
                    Maurice O. Ellsworth
                    Trevor L. Hart
                2627 West Idaho Street
                P.O. Box 637
                Boise, Idaho 83701
                Tel: 208.338.1001
                Fax: 208.338.8400

Dated: New York, NewYork
       June 1, 2010

                PILLSBURY WINTHROP SHAW PITTMAN LLP

                By/ _____/S/_____
                    David A. Crichlow  (admitted *pro hac vice*)
                    Craig A. Barbarosh  (admitted *pro hac vice*)
                    Karen B. Dine  (admitted *pro hac vice*)
                    Andrew C. Smith  (admitted *pro hac vice*)
                1540 Broadway
                New York, New York  10036
                Tel:  212-858-1000
                Fax: 212.858.1500

                *Attorneys for Defendant TitleOne Corporation*

## **CERTIFICATE OF SERVICE**

I certify that on the 1st day of June, 2010, I caused a true and correct copy of the foregoing document to be sent via email to the parties who have appeared in this case.

Philip Howard Gordon
pgordon@gordonlawoffices.com

Geoffrey Bestor
gbesq@bestorlaw.com


_____/S/_____

Mark B. Perry