Mark B. Perry (ISB #3345)
Maurice O. Ellsworth (ISB # 1842)
Trevor L. Hart (ISB #5805)
**PERRY LAW, P.C.**
2627 West Idaho Street
Post Office Box 637
Boise, Idaho 83701-0637
Telephone:     (208) 338-1001
Facsimile:     (208) 338-8400
E-mail:        mbp@perrylawpc.com
PL File No. 4285.001

David A. Crichlow (New York Bar # 2324101)
Craig A. Barbarosh (California Bar # 160224)
Karen B. Dine (New York Bar # 2625366)
Andrew C. Smith (New York Bar # 4118675)
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY  10036-4039
Telephone:     (212) 858-1640
Facsimile:     (212) 858-1500
E-mail:        david.crichlow@pillsburylaw.com

Attorneys for Defendant TitleOne Corporation

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL FIRKINS, RENA FIRKINS, HIGHLAND SERVICES CO., INC. PROFIT SHARING PLAN, DOUGLAS R. CIRCLE as Trustee, DOUGLAS RICHARD CIRCLE and JAN ALISON CIRCLE 1984 FAMILY TRUST,<br><br>                Plaintiffs,<br><br>v.<br><br>    TITLEONE CORPORATION,<br><br>                Defendant. | Case No. 1:10-cv-00110-BLW |

### DEFENDANT TITLEONE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE (DOCKET # 24)

1

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ............................................................................................... 1

**ARGUMENT** ................................................................................................................................ 2

**I. There is No Independent Summary Judgment Motion to Strike** ..................................... 2

**II. Motions to Dismiss Are Properly Converted to Summary Judgment Without Statements of Uncontested Facts** ................................................................................... 3

**III. Plaintiffs Have Not Been Prejudiced by TitleOne's Designation of Summary Judgment as an Alternative Grounds for Dismissal** ......................................... 4

**IV. Sanctions Are Not Warranted** ........................................................................................ 5

**CONCLUSION** .............................................................................................................................. 6

## TABLE OF AUTHORITIES

### Cases

*Carr. v. Tousley*,
    No. CV06-0125, 2009 WL 1514661 (D. Idaho May 27, 2009) .......................................... 3

*Cooper v. Pickett*,
    137 F.3d 616 (9th Cir. 1998) ................................................................................. 2

*Hoak v. Ada Cty.*,
    No. CV08-447, 2009 WL 2044415 (D. Idaho July 10, 2009) ....................................... 3, 5

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ................................................................................. 2

*Orr. v. Bank of Am., NT & SA*,
    285 F.3d 764 (9th Cir. 2002) ................................................................................ 3

*Parrott v. Blades*,
    No. CV05-313, 2007 WL 2782267 (D. Idaho Sept. 21, 2007) ......................................... 3

*Stock v. C.I.R.*,
    No. CV00-467, 2001 WL 914426 (D. Idaho Mar. 5, 2001) ............................................ 3

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ................................................................................ 2

### Other Authorities

Dist. Idaho Loc. Civ. R. 7.1 ............................................................................... *passim*

Fed. R. Civ. P. 12 .......................................................................................... *passim*

Fed. R. Civ. P. 56 ................................................................................................. 3

Defendant TitleOne Corporation ("**TitleOne**"), by and through counsel, hereby files this response to the Motion to Strike Defendant's Motion for Summary Judgment and for Expenses, Including Attorneys' Fees (Docket # 24) (the "**Motion to Strike**") filed by Plaintiffs Russell Firkins, Rena Firkins, Highland Services Co., Inc. Profit Sharing Plan, Douglas R. Circle as trustee, and the Douglas Richard Circle and Jan Alison Circle 1984 Family Trust (collectively, the "**Plaintiffs**").  Because the Motion to Strike is not supported by rule, statute, or practice in this jurisdiction, TitleOne submits that it should be denied.  Similarly, the Plaintiffs' request for sanctions should be denied.

## PRELIMINARY STATEMENT

The Plaintiffs' Motion to Strike is without moment.  On April 19, 2010, TitleOne filed a motion seeking dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, summary judgment (Docket # 16) and an accompanying memorandum of law (Docket # 17) (collectively, the "**Motion to Dismiss**").  This procedure is permitted both by Rule 12 of the Federal Rules of Civil Procedure and by practice in this jurisdiction.  However, despite the absence of any case law support for their position, and the fact that the Court may convert a motion to dismiss to summary judgment on its own initiative, the Plaintiffs have requested, in their Motion to Strike, that this Court strike the alternative request for summary judgment on the grounds that TitleOne did not file a statement of uncontested fact in support of its alternative request.  This, Plaintiffs have asserted, constitutes grounds for sanction and rebuke.

It is not so: courts in this jurisdiction routinely convert motions to dismiss into summary judgment based on Rule 12(d) without the need for additional filings, including a statement of uncontested fact.  Moreover, the requested summary judgment alternative is squarely in line with

the Court's power to convert a motion to dismiss into summary judgment if it deems it necessary to do so. Because TitleOne has complied with all applicable procedure, no sanctions are warranted and the Motion to Strike should be denied.

## ARGUMENT

### I. There is No Independent Summary Judgment Motion to Strike

TitleOne has maintained throughout these proceedings that it is entitled to dismissal as a matter of law. As explained throughout its Memorandum of Law filed April 19, 2010 (Docket # 17) ("**TitleOne Br.**") in support of its Motion to Dismiss, any supposedly factual allegations contained in the Motion to Dismiss are premised on the face of uncontested documents referenced in Plaintiffs' Complaint or documents of public record available on electronic bankruptcy dockets. *See* TitleOne Br. 9-10. Referral to such documents is proper on a Motion to Dismiss in this jurisdiction. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1998) ("[W]hen the plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading."). Additionally, with respect to the public records, the Court is entitled to take judicial notice of such records without converting the Motion to Dismiss into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (stating that a court may take judicial notice of "matters of public record" without turning a Rule 12(b)(6) motion into a motion for summary judgment).[1]

Rule 12(d) of the Federal Rules of Civil Procedure provides that if "matters outside the pleadings are presented to and not excluded by the court" when considering a motion under Rule

---

[1] The only additional documents submitted by TitleOne are certain notices provided to the Bondholders. These notices are not submitted for the truth of the matter contained therein, and Plaintiffs have not, and cannot, dispute they were sent.

12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This rule requires a court, on its own initiative, to convert a motion to summary judgment if and when it feels such relief is warranted based on the allegations in a complaint and motion to dismiss. Thus, the request for summary judgment was included as an alternative basis for the relief, in order to flag the issue for the Court and the Plaintiffs, and to demonstrate that TitleOne would be amenable if this Court deems conversion proper. Accordingly, there is no independent "motion" for summary judgment to be stricken by this Court.

## II. Motions to Dismiss Are Properly Converted to Summary Judgment Without Statements of Uncontested Facts

Nothing within the applicable local rules requires a separate filing of a statement of uncontested fact when a court converts a motion to dismiss into summary judgment. *See* Dist. Idaho Loc. Civ. R. 7.1(b) (requiring Rule 7.1 statement for motion under Rule 56). Neither do any of the cases cited by the Plaintiffs in their Motion to Strike stand for this proposition. In fact, none of the cited cases even involves a converted motion to dismiss. *See Parrott v. Blades*, No. CV05-313, 2007 WL 2782267, at *1 (D. Idaho Sept. 21, 2007) (addressing defendant's motion for summary judgment on plaintiff's request for injunctive relief); *Carr v. Tousley*, No. CV06-0125, 2009 WL 1514661, at *1 (D. Idaho May 27, 2009) (addressing motions for summary judgment related to § 1983 claims); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764 (9th Cir. 2002) (affirming grant of motion for summary judgment).

Indeed, this Court has either granted alternative requests or converted motions to dismiss to summary judgment *sua sponte* without requiring the filing of a statement of uncontested facts. *See*, *e.g.*, *See Hoak v. Ada Cty.*, No. CV08-447, 2009 WL 2044415, at *2 (D. Idaho July 10, 2009) (entertaining party's motion to dismiss, or alternatively for summary judgment, and converting to summary judgment); *Stock v. C.I.R.*, 4:00-cv-00467, 2001 WL 914426, at *2 (D.

3

Idaho Mar. 5, 2001) (Winmill, J.) (adopting magistrate's report which *sua sponte* converted motion to dismiss to summary judgment). A review of the filings in these cases reveals that no Rule 7.1(b)(1) statement was ever filed, either before or after conversion.[2]

### III. Plaintiffs Have Not Been Prejudiced by TitleOne's Designation of Summary Judgment as an Alternative Grounds for Dismissal

Plaintiffs argue that the alternative request did not allow them sufficient time to address any factual allegations contained in the Motion to Dismiss. *See* Motion to Strike 4. Nevertheless, throughout their response to the Motion to Dismiss, the Plaintiffs routinely confronted arguments on the Indenture and other operative documents. *See, e.g.,* Plaintiffs' Response Brief at 4-7 (citing numerous provisions of the Indenture and Offering Circular in their Statement of Facts that were not included in the Complaint). Thus, rather than catching them off guard without time to respond, as the Plaintiffs suggest, the Plaintiffs were on notice of *and* had an opportunity to respond to all of the issues raised by the Motion to Dismiss.

As discussed above, regardless of whether TitleOne had included the term "summary judgment" in the caption of its Motion to Dismiss, the Court has the power and responsibility to apply the summary judgment standard to the Motion to Dismiss *sua sponte* if it deems conversion warranted. *See* Fed. R. Civ. P. 12(d) (stating that the court "must" convert). Thus, the alternative request for summary judgment does not affect Plaintiffs' rights in any meaningful way. However, to ameliorate any perceived harm to the Plaintiffs' opportunity to respond, TitleOne has no objection to allowing Plaintiffs additional time to address any factual issues if this Court determines it necessary to convert TitleOne's motion into a motion for summary

---

[2] Though not reflected in the reported or Westlaw decisions for these cases, the absence of a statement of uncontested fact was confirmed by reviewing the publicly available bankruptcy dockets for each of these cases, available on PACER, as well as the orders and transcripts reflecting such decision.

judgment.  *See, e.g, Hoak*, 2009 WL 2044415, at *2 (upon converting motion to dismiss to summary judgment, allowing plaintiff 10 days to submit additional briefing).

Moreover, the policy rationales that would speak for requiring a supplemental filing are not in place here.  As noted above, the Plaintiffs are already demonstrably on notice of the purported factual questions set forth in TitleOne's opening brief, which are resolved by reference to the undisputed documents referenced therein.  There is no need for a further statement, and there is no need to strike the alternative summary judgment request.

**IV.   Sanctions Are Not Warranted**

Under Local Civil Rule 7.1(e), the Court has the *discretion* to impose sanctions for a *failure* to comply with Local Civil Rule 7.1.  As discussed above, the plain language of Rule 7.1 does not expressly require a statement of uncontested facts to accompany a motion to dismiss that includes summary judgment as an *alternative* ground for dismissal.  Nor does the case law support such a requirement.[3]  As a result, it cannot be said that TitleOne has *failed* to comply with Local Civil Rule 7.1, particularly when this Court has yet to determine whether it is necessary to convert TitleOne's motion into one for summary judgment.  Accordingly, Plaintiffs' request for expenses, including attorneys' fees, should be denied.

---

[3]  Indeed, Plaintiffs have not cited a single case in which the Court imposed sanctions against a litigant seeking summary judgment for failure to comply with Local Civil Rule 7.1(b)(1), let alone against a party moving to dismiss under Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment.

## CONCLUSION

For the reasons set forth above, TitleOne respectfully requests that Plaintiffs' Motion to Strike be denied, and that TitleOne's costs and attorneys' fees incurred responding to this motion be awarded.

Dated: Boise, Idaho
June 4, 2010

                  PERRY LAW, P.C.

                  By: _____/S/_____
                         Mark B. Perry
                         Maurice O. Ellsworth
                         Trevor L. Hart
2627 West Idaho Street
P.O. Box 637
Boise, Idaho 83701
Tel: 208.338.1001
Fax: 208.338.8400

Dated: New York, New York
June 4, 2010

                  PILLSBURY WINTHROP SHAW PITTMAN LLP

                  By: _____/S/_____
                         David A. Crichlow (admitted *pro hac vice*)
                         Craig A. Barbarosh (admitted *pro hac vice*)
                         Karen B. Dine (admitted *pro hac vice*)
                         Andrew C. Smith (admitted *pro hac vice*)
1540 Broadway
New York, New York 10036
Tel: 212.858.1000
Fax: 212.858.1500

*Attorneys for Defendant TitleOne Corporation*

## **CERTIFICATE OF SERVICE**

I certify that on the 4th day of June, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following:

Philip Howard Gordon
pgordon@gordonlawoffices.com

Geoffrey Bestor
gbesq@bestorlaw.com

                                                          _____/S/_____
                                                          Mark B. Perry