Philip H. Gordon ISBN 1996
Bruce S. Bistline ISBN 1988
Gordon Law Offices
623 West Hays Street
Boise, ID  83702
Tel:     (208) 345-7100
Fax:     (208) 345-0050
pgordon@gordonlawoffices.com

Steven T. Webster (admitted *pro hac vice*)
Webster Book LLP
300 N. Washington St., Suite 404
Alexandria, VA 22314
(888) 987-9991 (telephone and fax)
swebster@websterbook.com

Geoffrey Bestor (admitted *pro hac vice*)
4204 Maple Terrace
Chevy Chase, MD 20815
Tel:     (240) 463-8503
Fax:     (866) 626-3131
gbesq@bestorlaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL FIRKINS, RENA FIRKINS, HIGHLAND SERVICES CO., INC. PROFIT SHARING PLAN, DOUGLAS R. CIRCLE AS TRUSTEE, DOUGLAS RICHARD CIRCLE AND JAN ALISON CIRCLE 1984 FAMILY TRUST,<br><br>                Plaintiffs,<br><br>v.<br><br>TITLEONE CORPORATION,<br><br>                Defendant. | Case No. 1:10-cv-00110-BLW<br><br>BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

Plaintiffs Russell Firkins, Rena Firkins, Highland Services Co., Inc. Profit Sharing Plan, Douglas R. Circle as trustee of the Douglas Richard Circle and Jan Alison Circle 1984 Family Trust, by counsel, submit the following authorities in support of their motion to dismiss for lack of subject matter jurisdiction.

ARGUMENT

This is a putative class action for breach of contract.  Jurisdiction was founded on 28 U.S.C. section 1332(d)(2), which provides:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

An exception to jurisdiction under this provision is set forth in 28 U.S.C. section 1332(d)(9), which provides:

> Paragraph (2) shall not apply to any class action that solely involves a claim--
>
> (A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));
>
> (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or
>
> (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations

1

issued thereunder).

28 U.S.C. § 1332(d)(2).

Section 2(a)(1) of the Securities Act of 1933 defines "security" broadly, *see* 15 U.S.C. 77b(a)(1), and it expressly includes bonds and other evidence of indebtedness. *See id.* Because this action was brought to remedy violations of the Indenture, it might be argued that it does not specifically relate to the rights, duties, and obligations "created by or pursuant to" a security. However, as one Court has noted,

> The fact that a certificate holder's rights may be enumerated in an instrument other than the security itself is not material. Securities are created and defined not simply by their own text, but also by any number of deal instruments executed between various parties. Indeed, we made clear in *Cardarelli* that the "instruments that create and define securities" include documents such as certificates of incorporation and bond indentures.

*Greenwich Fin. Services Distressed Mortgage Fund 3, LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 29 (2d Cir. 2010).

With respect to the exception to jurisdiction set forth in subsection (d)(9)(c), it therefore appears this action relates to the rights, duties, and obligations "relating to or created by or pursuant to any security." Courts interpreting this provision, including this Court, have come to similar conclusions. *See Carmona v. Bryant*, 2006 U.S. Dist. LEXIS 27767 (D. Idaho, Apr. 19, 2006).

## CONCLUSION

Because it appears this Court lacks jurisdiction and defendant agrees, Plaintiffs request that their motion to dismiss be granted.

DATED:  November 30, 2010             Respectfully submitted,

By: _____/s/_____
　　Steven T. Webster
　　Webster Book LLP
　　300 N. Washington St., Suite 404
　　Alexandria, VA 22314
　　(888) 987-9991 (telephone and fax)
　　swebster@websterbook.com

　　Philip H. Gordon ISBN 1996
　　Bruce S. Bistline ISBN 1988
　　Gordon Law Offices
　　623 West Hays Street
　　Boise, ID  83702
　　Tel:    (208) 345-7100
　　Fax:    (208) 345-0050
　　pgordon@gordonlawoffices.com


　　Geoffrey Bestor
　　4204 Maple Terrace
　　Chevy Chase, MD 20815
　　Tel:    (240) 463-8503
　　Fax:    (866) 626-3131
　　gbesq@bestorlaw.com

　　*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

  I certify that on November 30, 2010, I will file the foregoing with the Clerk of Court, who will then send a notice of electronic filing (NEF) to the following:

Andrew C. Smith (andrew.smith@pillsburylaw.com)

Craig A. Barbarosh (craig.barbarosh@pillsburylaw.com)

David A. Crichlow (david.crichlow@pillsburylaw.com)

Karen B. Dine (karen.dine@pillsburylaw.com)

Mark B. Perry (mbp@perrylawpc.com)

Maurice O. Ellsworth (moe@perrylawpc.com)

Trevor L. Hart (tlh@perrylawpc.com)

*Counsel for Defendant TitleOne Corporation*

                /s/
                Steven T. Webster