UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSELL FIRKINS, RENA FIRKINS, HIGHLAND SERVICES CO., INC. PROFIT SHARING PLAN, DOUGLAS R. CIRCLE as Trustee, DOUGLAS RICHARD CIRCLE and JAN ALISON CIRCLE 1984 FAMILY TRUST,<br><br>                Plaintiffs,<br><br>  v.<br><br>TITLEONE CORPORATION,<br><br>                Defendant. | Case No. 1:10-CV-110-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for sanctions under Rule 11 and a motion for attorney fees. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny both motions.

## LITIGATION BACKGROUND

On February 26, 2010, plaintiffs, a group of investors, filed this class action suit against TitleOne, claiming that TitleOne breached its duties as a trustee under an indenture contract and caused the investors to lose millions of dollars. Plaintiffs alleged that this Court had subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See Complaint (Dkt. 1)* at ¶ 12.

**Memorandum Decision & Order – page 1**

Following briefing and argument by TitleOne and the plaintiffs, this Court dismissed the original complaint but granted leave to amend. Plaintiffs filed an amended complaint that also cited CAFA as the basis for subject matter jurisdiction. TitleOne moved to dismiss the amended complaint, and a hearing was scheduled for October 28, 2010, to resolve the motion.

To this point, TitleOne had not challenged plaintiffs' claim that subject matter rested on CAFA. But two days before the hearing, in an e-mail to TitleOne's counsel, plaintiffs' counsel raised this issue, questioning his own allegation of subject matter jurisdiction. In that e-mail, plaintiffs' counsel notes that in another case he was pursuing, opposing counsel had argued that CAFA does not apply to claims related to securities. As the e-mail continues, plaintiffs' counsel offers his own assessment of that argument applied to this case, concluding that "[a]lthough this is not a securities case, it certainly relates to securities." He goes on to attach a copy of a past decision from this Court finding CAFA did not apply to securities claims, and notes that "although arguably distinguishable, [it] addresses a similar issue." The e-mail ends by asking for TitleOne's "thoughts as to how to proceed."

The case from this Court attached to the e-mail was *Carmona v. Bryant*, 2006 WL 1043987 (D.Id. April 19, 2006). Plaintiff's counsel in that case – Philip Gordon – is also one of the local counsel representing plaintiffs in the present case. In *Carmona* – decided about four years before this suit was filed – Gordon argued that his case should be remanded to state court because this Court had no subject matter jurisdiction under

**Memorandum Decision & Order – page 2**

CAFA.  More specifically, Gordon argued that the CAFA exception was broad and covered cases like his involving securities and the breach of fiduciary duties.  *See Plaintiff's Brief in Carmona Litigation CV-06-78-BLW (Dkt. 14)*.  The Court adopted Gordon's argument, granting his motion and remanding the case to state court.

Turning back to the present case, plaintiff's counsel followed up on his e-mail notification to TitleOne's counsel by notifying the Court about the issue.  The Court directed plaintiffs to file a Notice by November 22, 2010, indicating whether they would proceed with their case here or dismiss it and re-file in state court.  On that date, plaintiffs notified the Court that they would dismiss their case.

On November 30, 2010, plaintiffs filed a motion to dismiss for lack of subject matter jurisdiction.  TitleOne filed a response brief and a motion for sanctions under Rule 11.  Plaintiffs responded by filing (1) a notice of voluntary dismissal under Rule 41(a)(1)(A) and (2) a motion to strike the Rule 11 motion.  TitleOne then filed a motion for attorney fees.

## ANALYSIS

Both the motion for sanctions and the motion for attorney fees are based on the same alleged misconduct by plaintiff's counsel.  TitleOne alleges that attorney Phil Gordon knew that CAFA could not be a basis for subject matter jurisdiction in this suit because he had prevailed on that very issue in a case a few years earlier, and yet he nevertheless filed this suit based on CAFA.

**TitleOne's Motion For Attorney Fees**

**Memorandum Decision & Order – page 3**

TitleOne's motion for attorney fees is based on Idaho Code § 12-121, which provides: "In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties . . . ." Fee awards under this statute also must meet the criteria set by I.R.C.P. 54(e)(1): " [A]ttorney fees under section 12-121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation."

Typically, these Idaho attorney fee statutes would be applicable in this case. *See In re Larry's Apartment, LLC*, 249 F.3d 832, 838 (9th Cir. 2001). However, when an attorney fee award would be based on the misconduct of counsel in the federal court litigation itself, the court must rely on federal law rather than state law:

> [T]he proper body of law and the one on which parties in federal court can and should adhere to and rely upon is federal, not state, law. That is not only a question of protecting the federal courts' power over their own proceedings, but also a question of fairness to those who are obliged to conform to federal standards when in federal court. For example, Federal Rule of Civil Procedure 11 contains prerequisites and protections for parties, who are accused of violating its strictures, and parties should be able to rely upon those in federal court proceedings . . . . Moreover, it makes a great deal of sense to have a single group of sanctioning rules and decisions control behavior of parties in the federal courts, rather than a farrago of state and federal rules based on different policies or different views about the best way to implement these policies.

*Id*. at 839 (citations omitted). Thus, the Court cannot award fees for counsel's misconduct in this litigation based on Idaho Code § 12-121 and I.R.C.P. 54(e)(1).[1]

---

[1] Even if the Court were to apply Idaho Code § 12-121 and I.R.C.P. 54(e)(1), the Court would not have awarded attorneys fees to Title One. While it is true that plaintiffs' counsel should have known that their claims could not be brought in federal court based upon this Court's prior decisions, it is equally true that counsel for Title One did not recognize the jurisdictional defect and failed to raise the issue when it

**Memorandum Decision & Order – page 4**

Because TitleOne's motion for attorney fees was based entirely on these state law provisions, the motion must be denied.

## Rule 11 Sanctions

By signing the complaint in this case, plaintiffs' counsel certified that their claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See Rule 11(b)(2)*. TitleOne argues that plaintiffs' counsel knew, or should have known, at the time he filed the complaint that the statute he relied upon for subject matter jurisdiction – CAFA – did not apply to this case.

Plaintiffs respond that TitleOne lost the right to rely on Rule 11 by failing to follow its "safe harbor" provision. Rule 11(c) authorizes the court to award sanctions "subject to the conditions stated below." One of those conditions, part of the 1993 amendments to the Rule, states as follows:

> [A motion for sanctions] shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contentions, allegation, or denial is not withdrawn or appropriately corrected.

*See* Fed.R.Civ.P. § 11(c)(1)(A). The purpose of the amendments is explained in the Advisory Committee Notes:

---

filed its motion to dismiss. This suggests that the jurisdictional bar was not so obvious that failing to recognize it amounts to frivolous or unreasonable conduct. Moreover, counsel for plaintiffs did the reasonable thing when they realized the jurisdictional defect, by bringing the matter to the attention of the Court and opposing counsel, and subsequently seeking to dismiss the action.

**Memorandum Decision & Order – page 5**

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

*See Adv. Comm. Notes, 1993 Amend.* Plaintiffs argue that TitleOne failed to serve the Rule 11 motion on plaintiffs twenty-one days before filing it with the Court and thus failed to comply with the Rule's preconditions to seeking attorney fees. TitleOne responds that the goal of the twenty-one day condition is to avoid needless expenses by spurring the offending party to withdraw the offensive pleading, a goal that could not be achieved here because by the time TitleOne discovered the complaint's flaw, the fees TitleOne seeks to recover had already been expended.

At first glance, TitleOne's argument seems persuasive. Under the circumstances of this case, compliance with the twenty-one day "safe harbor" provision would appear to be an empty formality.

Nevertheless, the Circuit takes the requirement quite seriously. *See Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998). In *Barber*, the plaintiff filed a complaint containing clearly wrong jurisdictional assertions, similar to the filing here. Defendant Imageware immediately discovered the flaws and warned plaintiff that it would seek Rule 11 sanctions unless plaintiff dismissed the complaint. Plaintiff resisted, and Imageware filed a motion to dismiss. The district court granted the motion and retained jurisdiction to

**Memorandum Decision & Order – page 6**

consider sanctions. Imageware then filed a Rule 11 motion, that was granted.

The Circuit reversed the grant of Rule 11 sanctions. While recognizing that Imageware warned the plaintiff about the flaw in the complaint well-before filing the Rule 11 motion, the Circuit held that "warnings were not motions, however, and the Rule requires service of a motion." *Id*. at 710. The Circuit rejected the district court's reasoning that compliance with the 21-day requirement would be futile because the offending complaint had already been dismissed and the fees expended. The Circuit held that the purpose of the safe harbor provision was to give plaintiff the opportunity to withdraw the complaint "*and thereby escape sanctions*. A motion served after the complaint had been dismissed did not give [plaintiff] that opportunity." *Id*. (emphasis in original). In support of that conclusion, the Circuit cited the Advisory Committee Notes to Rule 11: "[A] party cannot delay serving its Rule 11 motion until after conclusion of the case (or judicial rejection of the offending contention)." *Id*. at 710-11.

In both this case and *Barber*, the complaint's flaw was open and apparent; plaintiffs' counsel in both cases did nothing to hide the flaw or deceive the court or counsel. In *Barber*, Imageware knew of the flaw immediately but lost its right to rely on Rule 11 by waiting to file its motion for sanctions until the fees it sought to recoup had been expended. The only difference between *Barber* and the present case is that TitleOne apparently did not know about the complaint's flaw until its fees had been expended. Does that make a substantive difference? It does not, under the core reasoning of *Barber*. Whether the moving party intentionally waited to file its Rule 11 motion or proceeded in

**Memorandum Decision & Order – page 7**


ignorance, it incurred its attorney fees and passed by the moment where withdrawal of the offending pleading could have prevented that expense. At that point, Rule 11's purpose cannot be achieved.

The Advisory Committee Notes confirm this reading of the Rule. They state that "[s]ince the purpose of Rule 11 sanctions is to deter rather than to compensate," any award of compensation should not include amounts "for services that could have been avoided by an . . . earlier challenge to the groundless claims or defenses." *See Advisory Comm. Notes, 1993 Am.*

Since *Barber* was decided, the Circuit continues to hold that compliance with the 21-day period is "mandatory." *Radcliffe v. Rainbow Const. Co.,* 254 F.3d 772, 789 (9th Cir. 2001). For all these reasons, the Court will deny the motion for sanctions under Rule 11.[2]

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for sanctions (docket no. 70) is DENIED.

IT IS FURTHER ORDERED, that the motion to strike (docket no. 68) is DEEMED MOOT.

IT IS FURTHER ORDERED, that the motion for attorney fees (docket no. 72) is

---

[2] Because the Court has denied the motion for sanctions, the Court will deem moot the motion to strike the motion for sanctions. There are also two pending motions to dismiss that are now mooted by the subsequent filings and the Court will so indicate in the Order portion of this decision.

**Memorandum Decision & Order – page 8**

DENIED.

IT IS FURTHER ORDERED, that the motions to dismiss (docket nos. 52 & 65) are DEEMED MOOT.

IT IS FURTHER ORDERED, that pursuant to the Notice of Dismissal (docket no. 69), this action is DISMISSED WITHOUT PREJUDICE and the Clerk is directed to close this case.



DATED: **June 30, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge